## Commonwealth of Pennsylvania v. One Chevrolet Coupe, Appellant.

*Criminal law—Intoxicating liquors—Sale and transportation—Condemnation of vehicle —Act of March 27, 1923, P. L. 34.*

On proceedings to condemn a motor vehicle, alleged to be used in the illegal transportation of intoxicating liquors, a petition to return is properly dismissed, where the claimant failed to produce any evidence to establish the fact that it would not be fully protected by being required to look to the proceeds of a sale under subsection B, III of section 11 of the Act of March 27, 1923, P. L. 34.

In such case, it was not error to condemn the truck and order to be sold. In the proceedings under said section 11, B, III, a remedy is provided which gives the bailor a claim against the proceeds of the sale of the vehicle. This is not his only remedy, and he may secure the return of the vehicle under the provisions of subsection D, VI, of section 11 in certain circumstances. But when he has failed to prove that he will not be fully protected, in the event of the condemnation and sale, it is not error to dismiss the petition for return.

Argued October 31, 1924. Appeal, No. 241, Oct. T., 1924, by Hare and Chase, Inc., from decree of Q. S. Phila. Co., Miscellaneous Division, May Sessions, 1924, No. 196, in the case of Commonwealth of Pennsylvania v. One Chevrolet Coupe, Manufacturer's No. 2-B83017 and 2-5 gal. tin cans full of whiskey, etc., in possession of Sol Hankin. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for the condemnation of motor truck under the provisions of the Act of March 27, 1923, P. L.. 34. Before GORDON, J.

The facts are stated in the opinion of the Superior Court.

The court directed that the petition for condemnation be granted and that the claimant be required to look to the proceeds of the sale under subsection B III of section 11 of the act.

*Error assigned* was the decree of the court.

*C. Donald Swartz,* of *Swartz and Campbell,* for appellant.

*Charles Edwin Fox,* and with him *J. K. Willing* and *John A. Boyle,* for appellee.

OPINION BY GAWTHROP, J., March 16, 1925:

This was a proceeding by the district attorney of Philadelphia County under the Act of March 27, 1923, P. L. 34, for the forfeiture and condemnation of the defendant truck on the ground that it was being used for the transportation of intoxicating liquor, in violation of that act. At the time of its seizure the truck was held and possessed by Sol Hankin under a bailment lease or contract, the legal title being in Hare & Chase, Inc., appellant, which filed an answer to the petition to condemn, in which it set up its title under the bailment lease, and averred that it had no knowledge that the truck was used, or was to be used, for the transportation of intoxicating liquor. The charge of illegal transportation of intoxicating liquor set up in the petition was not denied, although proof of the same was demanded. When the case came on for hearing, appellant raised no question as to the failure of the Commonwealth to prove the facts averred in the petition, and assumed the burden of proving its ownership of the truck, and that the.

unlawful use thereof was without its knowledge or consent. That the evidence established those facts seems to be conceded by the Commonwealth. This appeal is from the order of condemnation.

By the statement of the question involved appellant limits our inquiry to one question, which it states thus: Whether the bailor as intervening claimant is entitled to the return of the vehicle, or is entitled only to the unpaid balance due under the bailment lease out of the proceeds derived from a sale of the vehicle on condemnation proceedings? It states in its written argument that the sole question sought to be raised by this appeal is whether it is entitled to a return of the truck in accordance with the provisions of section 11, D, VI, of the Act of 1923, or whether it is excluded from obtaining redress under this section and is limited to the rights conferred on it by virtue of the provisions of section 11, B, III, of the act. We considered that question fully in an opinion filed March 13, 1925, in Com. v. One Ford Truck, etc., No. 46, October Term, 1924, and held that the remedy provided by section 11, B, III, of the Act of 1923, which gives a bailor a claim against the proceeds of the sale of the vehicle is not his only remedy, and that he may secure the return of the vehicle under the provisions of subsection D, VI, of section 11 in certain circumstances. As the claimant failed to produce any evidence to establish the fact that it would not be fully protected by being required to look to the proceeds of a sale under subsection B, III, of section 11 of the act, it was not error to condemn the truck and order it to be sold. The lease in this case contains a stipulation that the lessee shall not use the vehicle in the illegal transportation of intoxicating liquor and that, if it shall be used for such purpose, such use shall be considered as a default, entitling the lessor to immediate possession of the vehicle. We do not agree with the learned judge of the court below that the lessor is not helped by this covenant in the lease. It is some evidence of an effort by it to control the uses to

182, (1925).]      Opinion of the Court.

which the vehicle may be put and to prevent its use for the illegal transportation of intoxicating liquor. Surely it helps rather than hurts its case when it files a claim like the present. As we said in Commonwealth v. One Ford Truck, supra, the Commonwealth has not asserted in the Act of 1923 its right to forfeit every vehicle devoted to an illegal use. The expressed purpose of the legislature was to protect innocent persons rather than to punish them. Only the wrongdoer is to be penalized by the forfeiture of his property, if it is used in the illegal transportation of intoxicating liquor.

The judgment is affirmed.